UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW J. OSTROWSKI AND PENNSYLVANIA CIVIL RIGHTS LAW NETWORK,<br><br>                         Plaintiffs,<br>v.<br><br>PAUL KILLION, ROBERT FULTON, SUPREME COURT OF PENNSYLVANIA, SUPREME COURT DISCIPLINARY BOARD, ROBERT SNOOK, BRIAN CALI, CAPITAL POLICE OFFICER SLOAN, AND JOHN/JANE DOES,<br><br>                         Defendants. | MEMORANDUM OPINION DENYING PLAINTFFS' MOTION FOR RECONSIDERATION<br><br>Case Number: 14-1727 |

*Pro se* Plaintiff Andrew J. Ostrowski has filed a motion for reconsideration, asking this Court to reconsider its September 9, 2015 order granting Defendants' motion to dismiss. Defendants oppose the motion for reconsideration on the grounds that it merely reiterates arguments that have already been rejected by the Court. Having reviewed the parties' briefs together with all relevant materials and legal authorities, the Court DENIES Ostrowski's motion for reconsideration. The Court's reasoning follows:

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (*quoting Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171 (1986)). Therefore, a party seeking reconsideration *must* show one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need

1

to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (*citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Scott v. Tully*, 2005 WL 1244972, at *1 (M.D. Pa. May 3, 2005). Rather, the plaintiff must show that the court overlooked facts or arguments which might reasonably have led to a different outcome. *See id.; Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001).

Ostrowski's motion for reconsideration argues that the Court erred in applying the law to his case. However, he does not identify any salient arguments or facts that were overlooked by the Court. Rather, he merely asserts that the Court came to the wrong legal conclusions; such an argument is inappropriate on a motion for reconsideration. *See, e.g., Bowers*, 130 F.Supp. 2d at 612-13. Accordingly, he has not set forth sufficient grounds for reconsideration.

For the reasons set forth above, Plaintiff Ostrowski's motion for reconsideration is DENIED. An appropriate order follows.

DATED: October 23, 2015

*Barbara J. Rothstein*
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE